REYNOLDS v. WILMETH.

1. **Tenant in Common:** LIABILITY FOR RENT. One tenant in common is not liable to his co-tenants for the use and occupancy of the common property in the absence of an agreement with them to pay rent, and of a demand from them to surrender possession, unless he has received rent for the property from a third person.

*Appeal from Henry Circuit Court.*

FRIDAY, APRIL 20.

THIS action is brought for the recovery of rent for plaintiff's interest in eighty acres of land. The cause was tried by the court, and judgment was rendered for plaintiff for $13.34. The defendant appeals.

*Woolson & Babb,* for appellant.

*Palmer & Jeffries,* for appellee.

DAY, CH. J.—The court submitted a finding of facts, the material portion of which is as follows: In 1860 William Thomas Van Winkle died intestate, without wife, issue or parent surviving, seized in fee of the real estate in petition described, which thereupon descended equally to his brothers and sisters surviving him. Albert Van Winkle, Charity Reynolds, Margaret Scott and Jane Enfield; in 1861 Charity Reynolds died intestate, and her interest in the real estate descended to her four children, one of whom is the plaintiff, now about twenty-five years of age, who is, and for the last twelve years has been, the owner of an undivided one-sixteenth of said real estate; in 1861 one Mathews purchased the interest of Margaret and Jane in said real estate, and used, cultivated and occupied the same, so far as practicable, until 1863, when he sold and conveyed his interest to Ezra Connor, who used, cultivated and occupied said premises until 1866, when he sold to the defendant, Isaac Wilmeth, who used, cultivated and occupied the same, so far as prac-

ticable, until the spring of 1873, when he sold his interest to Tabitha Kerter, who thereupon took possession. The defendant Wilmeth, while he owned said interest, used, cultivated and occupied in person the premises, or so much as was practicable; no rent was received by him from others for the use of any part of the premises; he did not agree with plaintiff to pay rent; plaintiff never demanded of defendant possession of said premises, and defendant has never refused to surrender possession to plaintiff.

The question which appellant by his counsel submits for our consideration is the following: "*Is one tenant in common*

1. TENANT in common: liability for rent.

*liable to his co-tenants for the mere use and occupancy of the entire lands, without any agreement with the others to pay rent, and without any demand from them for possession, or refusal to surrender possession, and without his having received rent for such premises from a third person?*"

The doctrine of the common law of England clearly is, that if one tenant in common occupied and took the whole profits the other had no remedy against him whilst the tenancy in common continued, unless he was put out of possession, when he might have his ejectment; or, unless he appointed the other to be his bailiff as to his individual moiety, and the other accepted that appointment, when an action of account would lie as against a bailiff of the owner of the entirety of an estate. Co. Litt., 199b; *Henderson v. Eason*, 16 Jurist, 518.

The statute of 4 Ann., C. 16, § 27, provides that an action may be maintained "by one joint tenant and tenant in common, his executors and administrators, against the other for receiving more than comes to his just share or proportion, and against the executor and administrator of such joint tenant and tenant in common." This statute was passed in the year 1776, prior to the union between England and Scotland, which was consummated in May, 1777, and hence constitutes part of the common law of this State. *O'Ferrall v. Simplot*, 4 Iowa, 381 (402). It was held, however, in *Henderson v. Eason, supra*, that this statute applies only to cases

where one tenant in common receives money or something else from another person to which both co-tenants are entitled simply by reason of their being tenants in common, and in proportion to their interest as such, and of which the one keeps more than his just share according to that proportion; and that if one tenant in common has had the sole enjoyment of land, farmed it on his own account, and apportioned the produce to his own use, an action of account does not lie against him at the suit of his co-tenant under that statute.

In New York, under a statute taken from and substantially the same as the statute of Anne, the same doctrine has been maintained. *Woolever v. Knapp*, 18 Barbour, 265; *Dresser v. Dresser*, 40 Barbour, 300; *Wilcox v. Wilcox*, 48 Barbour, 327. In Massachusetts the same doctrine has been announced. *Sargent v. Parsons*, 12 Mass., 153. In this last case the court, through PARKER, CH. J., said: "Nor is this law unreasonable; for if one joint tenant or tenant in common, finding the estate unoccupied by his companion, either from negligence or because he may not deem it for his interest to occupy it, should take the whole into his possession, it would be hard to make him liable for rent when, perhaps, he occupied the whole for little other reason than that it would otherwise be unoccupied. Besides, as each tenant is seized *per mi et per tout*, an entire occupancy by one, of any particular part, would subject him to an action as much as the entire occupation of the whole tenement; which would be absurd and unreasonable." The same view is maintained in *Israel v. Israel*, 30 Md., 120; *Everts v. Beach*, 31 Mich., 136; *Pico v. Columbet*, 14 Cal., 414. In this last case it is said that the contrary doctrine held by the Court of Appeals of South Carolina is believed to be peculiar to that court. See *Hancock v. Day*, *Thompson v. Bostic*, and *Holt v. Robinson*, 1 McMullen, Eq. Rep., 69, 75, and 475. The court, through FIELD, Justice, says: "The reasons upon which these decisions rest do not commend themselves to our judgment, and are insufficient to overcome the force of the English, Massachusetts, New York, and Kentucky authorities."

We feel no hesitancy in holding that the question submit-

ted by appellant for determination must be answered in the negative.

II. Appellee, however, insists that there has been an *ouster* of plaintiff, and that therefore the right to recover for the occupation of the property exists. The finding of facts simply shows that there was a sole occupation and enjoyment of the premises by defendant, without denying any right of the plaintiff. That this does not constitute an ouster was held by this court in *Burns v. Byrne*, p. 28, *ante.*

The judgment of the court below is

REVERSED.