Janes v. Brown.

---

JANES v. BROWN ET AL.

1. **Res Adjudicata: PARTITION: LIEN OF HEIR.** The partition of the lands of an ancestor among his heirs, in a proper proceeding therefor, is an adjudication of all rights in or claims to a lien of all of the heirs for any purpose upon the lands so partitioned.

2. **Administrator: CLAIM OF.** An administrator of an estate of which he was one of the heirs cannot, after the personal estate has been distributed, and after the time has elapsed in which all claims against the estate should have been filed, maintain an action against his co-heirs for services rendered the ancestor.

*Appeal from Hardin Circuit Court.*

SATURDAY, JUNE 8.

ACTION in chancery. A cross-bill was filed by defendants.

Upon a trial on the merits both bill and cross-bill were dismissed, and both plaintiff and defendants appeal.

*Porter & Moir*, for plaintiff.

*Huff & Reed*, for defendants.

BECK, J.—I.   The petition alleges that plaintiff and defendants are children and heirs at law of Sylvanus M. and Eunice Janes, deceased; that plaintiff, for more than nine years after he attained his majority, lived with his parents and supported them by his labor upon their farm, under an agreement that he was to be paid therefor in land, and subsequently it was agreed that plaintiff was to have the farm upon which the family lived; that, in pursuance of this agreement, he rendered service to his parents which, with interest, amounted to three thousand two hundred and fifty-nine dollars, and that defendants, after the death of their parents, instituted proceedings in partition, wherein the shares of the heirs in the land were set apart to each, plaintiff being allowed one-third thereof.   The relief claimed is, that judgment be rendered in favor of plaintiff for the amount of his claim, which shall be declared a lien upon the land set apart to the defendants.

The answer of defendants denies the allegations of the petition, and puts in issue plaintiff's services, the contract alleged under which they were rendered, and alleges that plaintiff lived with the parents as one of their family, and never had any claim against them for compensation for his labor.

It is also shown that in this partition suit plaintiff set up a claim for the land based upon the contract and services set out in his petition, which was adjudged against him in the final decision of the case, and that plaintiff took out letters of administration upon the estate of his father, and took no steps to make the claim a charge against the estate, although there were personal assets in his hands as administrator.

In their cross-bill defendants claimed to recover for the rent of the land accruing prior to the partition, and subsequent

to the death of the parents. The plaintiff, in his replication to the answer and cross-bill, admits the administration upon the estate as alleged by defendants, and that he made no claim against it, and shows that his occupancy of the land, for which he is sought to be charged in the cross-bill, was as a tenant in common with defendants.

II. We find that the allegations of the pleadings in regard to the partition of the lands are supported by the testimony, and that plaintiff did set up a lien and right thereto based upon the same mattters which are the foundation of his claim against defendants in this suit. So far as this action can be regarded as setting up a claim to the land in the nature of a lien, or a right adverse to the defendants, it presents matters that have been adjudicated. They cannot be again brought up for determination.

*1. RES ADJUDI-CATA: lien of heir.*

III. If this action is to be regarded as a proceeding to recover a money demand on account of the services rendered by plaintiff, other questions must be considered. In this view it is an action by one who is or was the administrator of an estate, against the heirs of the decedent, to recover for a claim against the estate, which he neglected or refused to present in the probate proceedings, and the time limiting the presentation and allowance of claims against the estate has expired. Upon this state of facts can he recover in this action?

*2. ADMINIS-TRATOR: claim of.*

Whether an action may be brought in this State against an heir for the debt of his ancestor is a question not argued in this case. We will not pass upon it. See Bingham on Descents, § 9, p. 271, as to the right to prosecute such an action.

But, whatever be the law of this State upon this subject, we think plaintiff is not entitled to prosecute this action. As administrator of the estate of his deceased parent, he held assets which could have been appropriated to the payment of his claim had it been duly allowed. He failed to take any steps for its allowance, or to set it up in any manner as a

claim, and permitted it to be barred by the statute prescribing the period within which claims shall be presented against estates. The personal assets were distributed. He fails to give a sufficient reason for not presenting his claim against the estate. Under these circumstances, he must be presumed to have abandoned his claim; equity will not now enforce it.

IV. The defendants insist that they are entitled to a judgment upon their cross-bill for the rents of the land. During the time for which they claim rent the parties were tenants in common; defendants, therefore, cannot recover, having failed to show an agreement under which they are entitled to rent, a demand for the possession of the land, or the receipt of rent by plaintiff from another. *Reynolds v. Wilmeth,* 45 Iowa, 693.

We conclude that the decree of the Circuit Court ought to be

AFFIRMED.