VARNUM v. LEEK.

1. **Tenants in Common:** RIGHT OF OCCUPANCY: LIABILITY TO ACCOUNT: ACTION IN PARTITION: RECEIVER. It is the right of a tenant in common to occupy the common property, and such occupancy alone does not render him liable for rent. But if the occupying tenant should refuse to allow his co-tenant to occupy with him, such refusal might be deemed an ouster, and in that case the occupying tenant may be held liable to account. It follows that, where the tenant in possession is occupying under such circumstances that he is not liable to account, such mere occupancy affords no ground for the appointment of a receiver, pending an action for partition.

*Appeal from Poweshiek District Court.*

WEDNESDAY, APRIL 22.

ACTION for a partition of real estate. The plaintiff, after the action was brought, applied for the appointment of a receiver. The court refused the application. From the order the plaintiff appeals.

*Winslow & Varnum,* for appellant.

*H. F. Garretson* and *L. C. Blanchard,* for appellee.

ADAMS, J.—Whether an appeal lies from a refusal to appoint a receiver, or whether, in case it lies, we should be justified in reversing, in the absence of a showing of abuse of discretion, we need not determine. It appears to us that no proper ground was shown for the appointment of a receiver, and that in no view could the refusal be held to be error. The application for a receiver was submitted upon the pleadings, which consisted of the plaintiff's original petition, the defendant's answer thereto, and the plaintiff's petition for a receiver. In the original petition, the plaintiff averred that he was the owner of an undivided nineteen-twentieths of the land, and the defendant of an undivided one-twentieth. The defendant denied that the plaintiff was the owner of an undi-

vided nineteen-twentieths and averred that he was himself in possession, under a claim of right, and had made valuable and permanent improvements.    The plaintiff, in his petition for a receiver, averred that he himself was not in possession, and that the defendant, in his answer, claimed to be in possession, and would, if a receiver should not be appointed, receive and convert to his own use all the rents and profits, and deprive the plaintiff of nineteen-twentieths thereof.

There is no averment that the property has been leased, or that the defendant is collecting rents.    The most that we can infer is that the defendant is occupying the property. The plaintiff's theory, indeed, is that the defendant is occupying the property, and he bases his right to a receiver upon the ground that the defendant is occupying and paying nothing for the use, and under such circumstances that he cannot be made to pay for the use.    He shows that he seeks the appointment of a receiver as a mode of divesting the defendant of possession, and of making the use of the property available to the plaintiff.

The provision of the Code in respect to the appointment of a receiver is in these words:    "On the petition of either party to a civil action or proceeding, wherein he shows that he has a probable right to or interest in any property which is the subject of controversy, and that such property, or its rents or profits, are in danger of being lost, or materially injured or impaired, and on such notice to the adverse party as the court or judge shall prescribe, the court, or, in vacation, the judge thereof, if satisfied that the interest of one or both parties will be thereby promoted, and the substantial rights of neither party unduly infringed, may appoint a receiver," etc.    Section 2903.

It is the right of a tenant in common to occupy the common property, and such occupancy alone does not render him liable for rent.    Such liability, if it existed, would tend to deter each tenant in common from occupying, and might keep the property vacant.    *Austin v. Barrett*, 44 Iowa, 488;

*Reynolds v. Wilmeth*, 45 Id., 693; *Isreal v. Isreal*, 30 Md., 120. If the occupying tenant should refuse to allow his co-tenant to occupy with him, such refusal might be deemed an ouster; (*Noble v. McFarland*, 51 Ill., 226;) and in case of an ouster the occupying tenant may be held liable to account. *Sears v. Sellew*, 28 Iowa, 501. If, in the case at bar, the defendant is occupying under such circumstances that he is not liable to account, it follows that he has done no wrong, and such mere occupancy does not afford a ground for the appointment of a receiver. If it were otherwise, it would follow that whenever a tenant in common enters upon the common property his co-tenant might have a receiver.

We do not say that there might not be a case where a tenant in common out of possession would be entitled to a receiver. Perhaps he would be if the occupying tenant was occupying under such circumstances that he was liable to account, and was at the same time irresponsible. But no such case is shown, nor is it so claimed in argument.

It is true, the plaintiff, in his petition for a receiver, averred that the defendant would deprive him of his share of the profits. But he averred no fact from which the court could be satisfied that anything would be lost to the plaintiff to which be was legally entitled. The plaintiff himself does not contend that he did. He sought a receiver, as he shows in argument, as a mode of reaching that to which he would not otherwise be legally entitled. It was a device to circumvent the operation of an acknowledged rule of law.

AFFIRMED.