BELKNAP v. BELKNAP *et al.*

**Real Estate:** TENANTS IN COMMON: RECOVERY OF RENT BY ONE
AGAINST THE OTHER. Where land is owned by tenants in com-
mon, and is occupied exclusively for a number of years by a part
of them only, and there is no agreement to pay rent, and no
demand for possession is made of the occupying tenants and
refused, and they have received no rent from third persons, they
are not liable to pay rent to their co-tenants who have not been in
possession. (See opinion for cases followed.)

*Appeal from Des Moines District Court.*—HON.
CHARLES H. PHELPS, Judge.

FILED, JANUARY 30, 1889.

THE defendants are six in number, and are the wife
and children of a brother of the plaintiff. The plain-
tiff and defendants took by inheritance from a common
ancestor a quantity of land in Des Moines county. In
1884 a suit was instituted in the circuit court of said
county by the plaintiff herein against the defendants for
the partition of said land. The decree in said suit
awarded to the plaintiff, as heir, six-fortieths of the
land, and he became by purchase the owner of three-
fortieths more, purchased from other heirs not parties
to this suit. The defendants in this suit were awarded
the other thirty-one-fortieths of the land. The decree
of partition was entered in the district court, May 11,
1886, in a cause known by number as "3,466." This suit
is brought to recover of the defendants for the use of
plaintiff's nine-fortieths of said land prior to the parti-
tion. The defendants aver that they and the plaintiff,
prior to May 11, 1886, owned and occupied the land as
tenants in common, and that all matters and things set
forth in plaintiff's petition in this suit could and should
have been adjudicated in said suit 3,466, and that
the plaintiff is therefore estopped from recovery in this
action. After the close of the testimony the jury

was, on motion of the defendants, instructed to return a verdict for them on the testimony introduced, and this action of the court is assigned as error.

*Newman & Blake*, for appellant.

*S. L. Glasgow*, for appellees.

GRANGER, J.—The testimony in the case, other than some documentary proofs as to the partition suit, and some oral testimony as to the rental value of the premises, is as follows: "*F. G. Belknap.* I am plaintiff. Six-fortieths of the land in controversy was decreed to me, and I purchased three-fortieths after decree. I brought suit in 1880 (2,774) and tried to get my share of that real estate. Brought second suit (3,466) in 1884. The rental value of land from 1880 to 1887, inclusive, per year, is three ($3) dollars per acre for cultivated land, and one ($1.50) dollar and fifty cents for wood and pasture land." "*F. G. Belknap, recalled.* For six years prior to September 1, 1887, I did not occupy this land, nor did any person for me. Defendant occupied it. I never got any rent whatever." Defendants' motion asked the court to direct a verdict for them "on the recorded testimony introduced," and the record does not disclose the particular reason or view of the court in so doing. The facts are undisputed, so far as the plaintiff's right to recover is concerned, and to that extent the case only involves a question or questions of law. If the plaintiff may recover, a jury should assess the damage; for the testimony is not entirely harmonious on that question. Several errors are assigned, but they are all embraced in the one "that the court erred in its instruction for the jury to return a verdict for defendants."

Prior to the partition the plaintiff and defendants in this suit were tenants in common of the premises partitioned, and it is urged by appellees that under the facts of this case the appellant cannot recover for rents during such tenancy. There is no pretense in this case of any agreement to pay rent; that a demand for possession was made and refused; or of defendants having

received rent from third persons. With these undisputed facts, can plaintiff, as a matter of law, recover rent from the defendants? This question has received a careful consideration at the hands of this court, and their answer to such a question is in the negative. The case of *Reynolds v. Wilmeth*, 45 Iowa, 693, deals with this precise question, and settles it favorably to the action of the court below. The rule has since been followed in *James v. Brown*, 48 Iowa, 568, and in *Varnum v. Leek*, 65 Iowa, 751. This point was first presented in appellees' brief, and we have not been favored with a reply, and incline to the belief that the point is conceded. With this view we need not consider other questions presented.

AFFIRMED.