SUSAN BELKEN, Appellee, v. CITY OF IOWA FALLS, Appellant.

Sidewalks: PLEADINGS: LIMITATION. By failing to plead the statute of limitations, its benefits are waived.

Instruction: NOTICE OF INJURY. In an action for injuries from a defective sidewalk, the giving of notice as required by Code, section 3447, is not a fact essential to recovery, where the question of limitation is not raised, and failure to instruct in relation thereto is not error.

Defective Walks: DISCOVERY. An instruction that a city is bound to use reasonable diligence in discovering defective walks, is correct.

Instructions: REFUSAL OF. Refusal to give instructions covered by those given, is not error.

*Appeal from Hardin District Court.*—HON. J. R. WHIT-AKER, Judge.

WEDNESDAY, JANUARY 27, 1904.

ACTION to recover damages for a personal injury, occasioned, as alleged, by a defective sidewalk. There was a trial to jury, verdict and judgment in favor of plaintiff, and defendant appeals.—*Affirmed.*

*C. A. Bryson* and *Nagle & Nagle* for appellant.

*Huff & Huff* and *J. H. Scales* for appellee.

BISHOP, J.—This action was not commenced until more than three months had elapsed following the date of the injury alleged. It is provided by Code, section 3447—a part

I. PLEADINGS. limitation.

of the general statute of limitations—that actions founded on injury to the person on account of defective sidewalks, etc., must be brought within

three months, unless written notice specifying the time, place, and circumstances of the injury shall have been served upon the municipal corporation to be charged within sixty days from the happening of the injury. We think it sufficiently appears that a notice, as contemplated by the statute referred to, was served in this case, and within the time prescribed. The abstract is not clear upon the point, but it is admitted in argument by counsel for appellant that the notice, a copy of which is attached to the petition, was served in time; and evidently the trial proceeded in the court below upon that assumption. No objection is made to the notice as to the subject-matter therein stated, save that the street upon which the injury is said to have occurred is designated as Center street, whereas the evidence shows that the street was College avenue. But in an amended abstract filed by appellee it appears that upon the trial it was conceded that Center street and College avenue were one and the same. Having said this much, we may add that appellant is not in position, in any event, to object at this time to the sufficiency of the notice, or the fact of the service thereof. No such question was made in the trial court, and it cannot be raised here for the first time. The answer was a general denial. If defendant expected to rely upon the limitation statute, it should have pleaded the same. Not having done so, it must be held to have waived the benefit thereof. *Harlin v. Stevenson,* 30 Iowa, 371; *Brush v. Peterson,* 54 Iowa, 243.

II. Appellant complains of the giving of the third instruction, in that therein the court assumed to direct the jury as to each of the elements of fact essential to a recovery on the part of plaintiff, and failed to include therein any reference to the preliminary notice required to be given by the limitation statute. In this there was no error. The service of notice as required by Code, section 3447, is not a matter that inheres in or constitutes a part of the cause of action. In common with all other pure statutes of limitation, it affects the remedy only. *Meek v. Meek,* 45 Iowa, 294; *Barke v. Early,* 72 Iowa, 273. No question hav-

ing been raised upon the trial as to the sufficiency of the subject-matter of the notice, or as to the fact of the timely service thereof, there was no question having relation thereto proper to be submitted by the court to the jury.

III. Complaint is made of the eighth instruction given by the court to the jury. Therein it is said, in substance, that if the walk where it is alleged plaintiff fell was not in a rea-

3. DEFECTIVE walks: discovery. sonably safe condition by reason of defective stringers and boards, and that such a condition had existed for such a length of time before the accident to plaintiff that the defendant, by the exercise of reasonable diligence, should have discovered the same, then defendant would have what is called "constructive notice" of such condition. Counsel seem to think that the instruction announces the rule that it is incumbent upon cities to search for and make discovery of latent or hidden defects in order to avoid liability. We do not think such construction can be put upon the language of the instruction. In so many words the court told the jury that the defendant city was bound to use reasonable diligence in making discovery of existing defects, and such is clearly the law of this state.

IV. The defendant requested an instruction to the effect that if the street commissioner, whose duty it was to inspect and examine the sidewalks of the city, two or three days be-

4. INSTRUCTION: refusal of. fore the accident of which plaintiff complains, did examine the walk in question, and did not find the same defective or out of repair and unsafe, and that in making such examination he exercised reasonable care and caution, then the defendant would not be liable. Complaint is made of the refusal by the court to give such instruction. We think no prejudicial error was involved in such ruling. We may concede that from the facts stated in the request, if found to be true, the jury would have been warranted in finding as a conclusion that the city had exercised reasonable diligence, as required of it, and, inasmuch as there was evidence tending to establish the facts stated, no error would have been involved in the giving of an instruction

as requested.  But the court, in the instructions given, in unmistakable language correctly and fairly defined the duty and obligation incumbent on the city and the degree of care and caution required of it by law.  We think the instructions given covered the whole ground, and thereunder the jury were required to take the facts as they were made to appear, and so determine the question at issue.  We have frequently held that it is not error to refuse instructions asked where the subject is properly covered by instructions given by the court.  *Raver v. Webster,* 3 Iowa, 502; *Minthon v. Lewis,* 78 Iowa, 620.

V.  It is urged that the verdict is not warranted by the evidence.  We think otherwise.  No good purpose could be subserved by setting forth in this opinion the evidence upon which we base our conclusion.  It will be sufficient to say, that there is evidence in the record from which the jury may well have found that the city was negligent as charged, that an accident occurred as alleged, and that plaintiff did not contribute thereto by her own negligence.  That plaintiff was severely injured cannot be doubted, and it is not suggested in argument that the verdict is excessive.

We have examined the record with respect to all other errors assigned, and find no merit in any of them.  It follows that the judgment must be and it is AFFIRMED.

WEAVER, J. taking no part. .