## Johnson's Administrator v. Johnson, Guardain, et al.

(Decided September 30, 1913).

### Appeal from Hickman Circuit Court.

1. Estates—Action to Settle—Commissioner's Settlement—Exceptions to—Pleading—Limitation.—Upon the trial of exceptions to a commissioner's report of settlement, the plea of limitation being interposed, and the petition stating that decedent died sometime in the year 1906, but just when the petition fails to state, it will be presumed that he died on January 1st of that year, more than five years before the filing of the claim, and therefore, it was barred by the statute of limitations.

2. While the lower court gave no reasons for sustaining the exceptions so far as the record shows, and it is claimed by the attorneys for appellant that they were sustained for the reason that one joint owner cannot recover of the other rents for use of land

held by them jointly, it will be presumed that the lower court considered the entire record in passing on the exceptions, and that it ruled correctly.

3.   It is a debt upon an implied contract not in writing and a plea of the statute of limitations is raised in the exceptions filed to the report of the commissioner allowing the claim and should prevail.

R. B. FLATT for appellant.

E. T. BULLOCK for appellees.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

Appellant, N. J. Johnson, and W. R. Johnson were brothers. They were joint owners of certain lands in Hickman County, each having an undivided one-half interest in same. In the year 1906 W. R. Johnson died intestate, leaving the defendant, Mary E. Johnson, his widow, and Joseph Rufus Johnson and Jerry J. Johnson his only children; and the plaintiff below, N. J. Johnson, was appointed administrator of the estate. He brought this suit to settle the estate, alleging that the personal estate was insufficient to pay the creditors thereof, and asking that a sufficiency of the real estate of said W. R. Johnson, deceased, be sold to pay said debts. The action was referred to the Master Commissioner to make settlement of the accounts of the administrator, and to ascertain the amount of property, real and personal and mixed, of which W. R. Johnson died possessed, together with the amount of his debts and liabilities.

The administrator presented before said commissioner his claim for $1,820, asserting that the decedent had occupied and cultivated the lands owned by them jointly, exclusively for a period of 18 years prior to the death of said W. R. Johnson; and that he, the administrator, N. J. Johnson, and claimant, had received no benefits therefrom during said period. The commissioner filed a report allowing the whole of this claim, whereupon appellee filed exceptions to said report charging that the claim set up by N. J. Johnson had been barred by the statute of limitations. The commissioner's report was filed on October 18, 1911. On May 24, 1912, appellant tendered and offered to file an amended petition, stating his claim fully. The record does not show that this pleading was ever permitted to be filled, but there seems to have been no objection to the filing thereof noted of record, nor to the considera-

tion of said pleading by this court, and it will, therefore, be treated as part of the record. This amendment states that decedent had the joint property in his possession for eighteen years next before his death, using it and cultivating it and receiving the rents and profits therefrom; and that decedent had also cut and converted to his own use large quantities of timber from said land; that plaintiff had never received any of said timber nor the proceeds of its sale, nor any of the rents and profits of said land during said period.

There is no evidence offered by plaintiff relative to decedent's taking any timber from said land; and he fails to state in this amended petition when the timber was taken; nor did he state in his affidavit presented before the commissioner that there was any timber taken so it must be conceded that the circuit court ruled properly in sustaining the exceptions to that item of appellant's claim. It is abundantly proven by the affidavits filed that decedent did have the exclusive use and occupancy of said land for the period mentioned, and that the amount claimed by appellant was its reasonable rental value. Appellant, however, in his affidavit, states that he, himself, occupied and received the benefits of the said land for four years immediately following the death of W. R. Johnson, and charges himself up with rent, for said four years, on the basis of $3 per acre, the same rate with which he charges decedent; deducting however, one-third of said amount for taxes and expenses, he crediting the estate likewise with one-third of the rental value for taxes and expenses paid by decedent.

The lower court, as appears from the record, simply sustained the exceptions to this claim of $1,820, without giving any reasons for such action; and although it is claimed by attorneys for appellant and conceded by attorneys for appellee that the exceptions were sustained "for the reason that one joint owner cannot recover of the other, rents for the use and occupancy of the land owned and held jointly," we will presume that the lower court considered the entire record in passing on the exceptions to the report of the commissioner allowing this claim.

We believe it has been universally held by this court that one tenant in common having the exclusive use and occupation of the joint estate, is chargeable with rents and profits derived therefrom, and that the other tenants in common have a right of action against him there-

for.  However, it is a debt upon an implied contract not in writing and a plea of the statute of limitations is raised in the exceptions filed to the report of the commissioner allowing this claim.

This action was instituted on Sept. 25, 1911; the affidavit of N. J. Johnson setting up his claim for $1,820 was not sworn to nor presented to the commissioner until October 10, 1911.  Treating the claim of appellant as having been filed and his action thereon commenced as of the date of the bringing of this action he could only recover on his claim such part thereof as had accrued within five years next preceding said date.

W. R. Johnson died, as stated in the petition, sometime in the year 1906; just when, the petition fails to state; and construing the petition according to the rules governing the construction of pleadings, it must be presumed that he died on January first of that year; therefore, more than five years had elapsed after the death of W. R. Johnson, before the bringing of this suit and the filing of the claim.  The whole of said claim, therefore, was barred by the statute of limitations.  To construe the allegations of the petition most liberally for the plaintiff and assume that W. R. Johnson died on the last day of December, 1906, there could be but little of the claim not barred, and appellant himself states that he had the exclusive use of said lands, and is chargeable with the rents therefor, for the four years next following the death of W. R. Johnson; and to allow him for the rents and profits for one year next preceding the death of W. R. Johnson, the amount he admits is due from him to the estate would be far in excess of the amount, which even under that construction, could be allowed to him.

We must, therefore, presume that the lower court took these matters into consideration in sustaining the exceptions to the report of the commissioner allowing this claim, and that the court ruled correctly.

The judgment is, therefore, affirmed.