G. W. LAWRENCE, Administrator, Appellee, v. MARTHA E. MELVIN, Appellant, et al., Appellees.

**LIMITATION OF ACTIONS:** Pleading—Timely Plea. A plea of the statute of limitation is timely when interposed as soon as its availability becomes known: e. g., during the taking of the testimony.

**LIMITATION OF ACTIONS:** Pleading—Burden to Overcome Bar. Proof that a claim is barred by the statute of limitation imposes on claimant the burden of showing the facts which neutralize the bar.

**LIMITATION OF ACTIONS:** Pleading—Motion to Strike Plea. A motion to strike an answering amendment which interposes the bar of the statute of limitation is not the proper procedure under which to plead facts which avoid the bar. Reply is necessary.

**LIMITATION OF ACTIONS:** Accrual of Right of Action—Contribution· by Cotenant. The cause of action in favor of one tenant in common against his cotenant for contribution for the outlay in discharging an incumbrance on the common property accrues instantly upon payment of the incumbrance and is barred in five years. (See Book of Anno., Vol. 1, Sec. 11007, Anno. 189 *et seq.*)

**APPEAL AND ERROR:** Determination of Cause—Treating Improperly Stricken Plea as in Record. Upon appeal in an equity cause, the court, upon discovering from the record that the cause of action is barred by the statute of limitation, will treat an improperly stricken plea of the statute of limitation *as still in the record,* and enter judgment accordingly.

Headnote 1: 37 C. J. p. 1218. Headnote 2: 37 C. J. p. 1244. Headnote 3: 37 C. J. pp. 1230, 1232. Headnote 4: 38 Cyc. p. 101. Headnote 5: 4 C. J. p. 730.

Headnote 2: 17 R. C. L. 1005. Headnote 4: 17 R. C. L. 808.

*Appeal from Marshall District Court.*—JAMES W. WILLETT, Judge.

DECEMBER 14, 1926.

Action in equity, in the name of the administrator of one tenant in common against another, for an accounting, to recover contribution for a pro-rata share of the cost of removing a mortgage incumbrance from the common property, and to have the judgment therefor established as a lien on the interest of the defendant therein.    Decree as prayed, and the defendant appeals.—*Reversed.*

*R. L. Parrish* and *Wendell Huston,* for appellant.

*C. H. Van Law,* for plaintiff, appellee.

*F. E. Northup,* for Rachael A. Elzy, appellee.

STEVENS, J.—The plaintiff in this action is the administrator of the estate of M. E. Melvin, deceased.    The cause of action stated in the petition is based upon the alleged payment by decedent of a mortgage incumbrance upon certain real property in Marshall County which was owned in common by decedent and appellant, and is to recover contribution for a pro-rata share of the cost of removing such incumbrance.    The answer, is in effect, both a general and a special denial.    During the progress of the trial, it was developed in the testimony that the incumbrance was paid by decedent in 1917.    Thereupon, appellant immediately set up a plea of the statute of limitations.    The amendment was met by a motion to strike, upon the grounds that appellant was a nonresident of the state of Iowa during the intervening period; that the statute does not run in favor of one tenant in common against his cotenant; that appellant admitted the cause of action pleaded; that the plea of the statute of limitations was not timely, and therefore the right to plead the same was waived. The motion to strike was submitted with the case, and, upon final consideration by the court, was sustained.

Appellant sought to introduce evidence of certain claims which she had paid to others for the cotenant, as offsets against the cause of action of appellee.    The court, however, held that, while the action was, in form, an action for an accounting, it was, in reality, merely to recover contribution, and, by its terms, limited to the mortgage incumbrance paid by decedent, and that, therefore, the evidence was not, under the issues, admissible. We need consider only the plea of the statute of limitations.

It is elementary that a party relying upon the statute of limitations must specifically plead the same. *Central Tr. Co. v. Chicago, R. I. & P. R. Co.,* 156 Iowa 104; *Belken v. City of Iowa Falls,* 122 Iowa 430; *Knight v. Moline, E. M. & W. R. Co.,* 160 Iowa 160; *Borghart v. City of Cedar Rapids,* 126 Iowa 313. . It is equally fundamental that a failure to so plead operates as a waiver thereof. *Robinson v. Allen,* 37 Iowa 27; *Borghart v. City of Cedar Rapids,* supra; *Belken v. City of Iowa Falls,* supra. Not only is it incumbent upon the party seeking to avail himself of the statute of limitations as a defense to plead the same, but he must also show the facts constituting the bar. *Harlin v. Stevenson,* 30 Iowa 371; *Tredway v. McDonald,* 51 Iowa 663; *Jenks v. Lansing Lbr. Co.,* 97 Iowa 342.

1. LIMITATION OF ACTIONS: pleading: timely plea.

Had it appeared upon the face of the petition that appellee's cause of action was barred by the statute of limitations, advantage might have been taken thereof by demurrer. The date on which the incumbrance was paid by decedent did not appear in the petition, nor was it otherwise shown in the record until that fact was brought out in the testimony of a witness for plaintiff. The witness, who was the mortgagee, testified that the note was paid about 1917. It was then stipulated by the parties that the exact date thereof was "about July 1st, 1917." The plea of the statute was, therefore, interposed as soon as its availability became known to appellant. Authorities need not be cited to the point that the plea was altogether timely.

The stipulation that the incumbrance was paid about July 1, 1917, which was more than seven years prior to the commencement of this action, did away with the necessity for further proof on this issue. Likewise, the burden was upon appellee to allege and prove any facts relied upon by him to avoid the bar of the statute. *Willits v. Chicago, B. & K. C. R. Co.,* 80 Iowa 531; *Winney v. Sandwich Mfg. Co.,* 86 Iowa 608; *Farrow v. Farrow,* 162 Iowa 87. The nonresidence of appellant, if it existed for a sufficient length of time, could avail appellee in avoidance of the statute only.

2. LIMITATION OF ACTIONS: pleading: burden to overcome bar.

No reply was filed to the amendment to the answer. Appellee now contends that the motion to strike was. in effect, a pleading, and equivalent to a reply. The motion to strike

**3. LIMITATION OF ACTIONS: pleading: motion to strike plea.** was more in the nature of a speaking demurrer than a reply. It was alleged in the motion that, upon the trial of another action in the district court of Marshall County, wherein decedent was plaintiff and appellant defendant, appellant claimed that she was a nonresident of the state of Iowa, and a resident of California, during the period in question, and that the original notice in this action was served upon her in that state. No proof of any kind was offered to sustain these allegations, except such as might be shown by the return of service of the original notice, which is not before us. This court cannot take judicial notice of the pleadings and evidence in some other case previously tried in the same county. The record in the prior case is not before us. There is nothing in the record from which this court can say that appellant was ever a nonresident of the state of Iowa. The mere fact that the original notice was served upon her in California falls far short of proving that she was a resident thereof. There was, in fact, neither plea nor proof of anything in avoidance of the bar of the statute.

It is suggested by counsel in argument that the plea of the statute was insufficient. This contention is without merit, as the facts constituting the bar are fully stated.

It is obvious that the court erroneously sustained appellee's motion to strike the plea of the statute of limitations unless, as further contended by him, it is not applicable to controversies **4. LIMITATION OF ACTIONS: accrual of right of action: contribution by co-tenant.** between tenants in common wherein an accounting is asked. It is not always clear just when and under what circumstances the statute of limitations is applicable in actions by one tenant in common against another for an accounting in other actions. Prior to the enactment of Chapter 27, Laws of the Thirty-seventh General Assembly, now Section 10055, Code of 1924, authorizing the prosecution of an action by one tenant in common against another in possession, to recover rent, no such action would lie. *Varnum v. Leek,* 65 Iowa 751; *Van Ormer v. Harley,* 102 Iowa 150; *Stevens v. Pels,* 191 Iowa 176; *Belknap v. Belknap,* 77 Iowa 71; *Reynolds v. Wilmeth,* 45 Iowa 693; *Janes v. Brown,* 48 Iowa 568. Under this statute, actions for the recovery of rent are barred in five years.

The doctrine of the cited cases is not, however, applicable

to the present controversy. No agency, trust relationship, or right of possession of real property is present in this case. Appellee's decedent paid the incumbrance out of his own funds; otherwise, no right of contribution, which rests upon an implied promise to pay, would exist. Appellant concedes that, unless the same is barred by the statute of limitations, she is liable in this action for contribution, subject, however, to whatever right to offset other items paid by her may exist in her favor. It is a familiar, general rule that, where a surety pays the debt of his principal, his right to reimbursement from his principal is barred in five years thereafter. It is the general rule that the statute of limitations commences to run from the time the cause of action accrued. Appellant became liable for contribution immediately, or, at most, within a reasonable time after the incumbrance was paid off and discharged. We perceive no reason why appellee's cause of action did not then accrue. This precise question has not been previously decided by this court, but we have held that an action for contribution may be maintained at law, as well as in equity. *Sears v. Sellew,* 28 Iowa 501. The status of decedent after he paid the incumbrance was analogous to that of a surety. *Davis v. Davis,* 185 Iowa 179. It is the rule in most jurisdictions that the statute of limitations begins to run against recovery by one tenant in common from another for rents or uses at the time the cause of action accrues. *Johnson's Adm. v. Johnson,* 155 Ky. 9 (159 S. W. 606); *Geisendorff v. Cobbs,* 47 Ind. App. 573 (94 N. E. 236); *St. John v. Coates,* 140 N. Y. 634 (35 N. E. 891); *McClaskey v. Barr,* 62 Fed. 209; *Sommers v. Bennett,* 68 W. Va. 157 (69 S. E. 690); *Minion v. Warner,* 238 N. Y. 413 (144 N. E. 665). A cause of action at law for contribution by one tenant in common from another would obviously be barred in five years. Except in certain familiar instances, the statute of limitations is applicable to actions in equity, as well as at law. No citation of authority is necessary on this point. The rule under which the statute of limitations is tolled in certain instances in equity is not applicable to the present controversy. It seems to us almost too clear for argument that the cause of action sued upon accrued in favor of decedent immediately upon the payment of the incumbrance by him. This being true, it was barred in five years

thereafter, both at law and in equity, unless the statute was tolled by facts that avoid it, which must be pleaded.

It necessarily results from this conclusion that the motion to strike the amendment to the answer should have been overruled, and judgment dismissing the petition entered. That is to say, the court should have applied the statute of limitations to the facts of this case. The case is triable *de novo* in this court, and we must treat the amendment to the answer the same as though not stricken. The judgment is reversed.—*Reversed.*

**5. APPEAL AND ERROR:** determination of cause: treating improperly stricken plea as in record.

DE GRAFF, C. J., and FAVILLE and VERMILION, JJ., concur.