# IN THE SUPREME COURT OF IOWA

No. 153 / 06-1121

Filed January 25, 2008

**SAM ROBINSON,**

Appellant,

vs.

**FREMONT COUNTY, IOWA,**

Appellee.

Appeal from the Iowa District Court for Fremont County, J.C. Irvin, Judge.

Holder of tax sale certificates appeals a ruling that the county is only required to reimburse him the amount he paid for the certificates and pay him a ratable part of the interest and costs. **REVERSED AND CASE REMANDED.**

A. W. Tauke of Porter, Tauke & Ebke, Council Bluffs, for appellant.

Richard D. Crowl of Stuart Tinley Law Firm LLP, Council Bluffs, for appellee.

**WIGGINS**, **Justice**.

In this appeal, we must determine whether the district court erred in ruling the county was only required to reimburse the holder of three tax certificates the amount he paid for the certificates and pay him a ratable part of the interest and costs. Because the district court erred when it held the county could compromise the taxpayers' liability after it assigned the certificates, and a genuine issue of material fact exists as to whether the payment made by the taxpayers redeemed the parcels, we reverse the judgment of the district court and remand the case for further proceedings consistent with this opinion.

## I. Background Facts and Proceedings.

Based upon the summary judgment record, we find the undisputed facts as follows. In June of 1989 the property tax on three parcels of land owned by Jeffrey and Suzanne Barrett became delinquent. Fremont County, Iowa conducted a public bidder sale pursuant to Iowa Code section 446.18 (1989). There were no bids, so the county became the default owner of the tax sale certificates pursuant to section 446.19. The county never served a notice of redemption on the Barretts. Fourteen years after the county became the default owner, it notified the Barretts of its intention to assign the certificates if they did not pay the back taxes. The Barretts did not respond.

In 2004 the county approached Sam Robinson and asked him to purchase the three tax certificates so the county could put the parcels back on the tax roll. As of March 31, 2004, the total unpaid taxes plus interest and costs on the parcels was $13,362.78. On April 13 Robinson offered to pay $1500 for the three tax certificates. On May 11 the county's board of supervisors adopted a resolution assigning the certificates to Robinson. The resolution stated the reason for assigning

the certificates was the county's desire to avoid the expenses of the tax redemption procedure and the expenses of abating any nuisances on the parcels.

On June 29 Robinson served the Barretts a notice informing them that their right to redeem the parcels would expire in ninety days. On August 26, a few days prior to the expiration of the redemption period, the county's board of supervisors adopted a resolution directing the county treasurer to accept $11,000 from the Barretts as full redemption for the three parcels. The resolution also directed the treasurer to pay Robinson "all amounts due him under Chapters 446 and 447 and to thereafter issue a certificate of redemption in compliance with the resolution and section 447.5 of the Code of Iowa." The county offered to pay Robinson $500 for each certificate plus interest from the time of the sale to the time of redemption upon his surrender of the certificates pursuant to section 447.4.[1]

Robinson filed a petition for declaratory judgment that asked the district court to declare the county "wholly without right or justification to assert any rights under certificates of purchase in which it had absolutely no interest . . . ." Robinson also asked the district court for "supplemental relief to remedy the unlawful actions taken by the defendant and to award him damages" including attorney fees and costs.

---

[1]Iowa Code section 447.4 (1989) provides:

In case a redemption is made of any real estate sold for a less sum than the taxes, penalty, interest, and costs, the purchaser shall receive only the amount paid and a ratable part of such penalty, interest, and costs. In determining the interest and penalties to be paid upon redemption from such sale, the sum due on any parcel sold shall be taken to be the full amount of taxes, interest, and costs due thereon at the time of such sale, and the amount paid for any such parcel at such sale shall be apportioned ratably among the several funds to which it belongs. Real estate so sold shall be redeemable in the same manner and with the same penalties as that sold for the taxes of the preceding year.

The county answered the petition and requested Robinson's petition be dismissed. The county also claimed it was only required to pay Robinson "a ratable part of the interest and costs under a compromised certificate in accordance with Iowa Code section 447.4."

Both parties moved for summary judgment. Robinson claimed he was entitled to the relief requested in his petition as a matter of law. The county claimed it was "entitled to summary judgment even if all the facts alleged by the plaintiff in his petition were true."

The district court denied Robinson's motion for summary judgment and granted the county's. The court found the county acted within its power to compromise the back taxes with the Barretts even after it assigned the tax certificates to Robinson. The court further determined that Robinson was entitled to receive only the amount paid and a ratable portion of the penalty, interest, and costs for his tax certificates under section 447.4. Therefore, the court dismissed Robinson's petition with prejudice.

Robinson appeals.

**II. Issues.**

Robinson raises two dispositive issues. First, he claims the county had no right to compromise the taxes after it assigned the tax certificates. Second, he claims the amount the Barretts paid to the county did not constitute a valid redemption of the parcels.

**III. Standard of Review.**

Our review of an order granting summary judgment is for correction of errors at law. *Green v. Racing Ass'n of Cent. Iowa*, 713 N.W.2d 234, 238 (Iowa 2006). The district court correctly enters a summary judgment when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Iowa R. Civ.

P. 1.981. On review, we examine the record before the district court and determine whether there was a material fact in dispute and if not, whether the district court correctly applied the law. *Gen. Car & Truck Leasing Sys., Inc. v. Lane & Waterman*, 557 N.W.2d 274, 276 (Iowa 1996).

### IV. Analysis.

In 1989 when the tax sale occurred, the Code provided:

> When property is offered at a tax sale under the provisions of section 446.18, and no bid is received, or if the bid received is less than the total amount of the delinquent general and special taxes, interest, penalties and costs, the county in which the real estate is located, through its board of supervisors, shall bid for the real estate a sum equal to the total amount of all delinquent general taxes, special assessments, interest, penalties and costs charged against real estate. No money shall be paid by the county or other tax-levying and tax-certifying body for the purchase, but each of the tax-levying and tax-certifying bodies having any interest in the general and special taxes for which the real estate is sold shall be charged with the full amount of all the delinquent general and special taxes due the levying and tax-certifying bodies, as its just share of the purchase price. This section does not prohibit a governmental agency or political subdivision from bidding at the sale for property to protect its interests.

Iowa Code § 446.19. Under this statute, the county became the default holder of the tax certificates to the three parcels owned by the Barretts because there were no bids. *Id.* The county is credited with purchasing the parcels for a sum equal to the total amount of the delinquent general and special taxes, interest, penalties and costs. *Id.*

In 2004 the county wanted to get the parcels back on the tax roll and recoup the back taxes. The county was also afraid it would be responsible for abating any nuisances on the parcels while it held the tax certificates. At that time, the legislature had codified various options that allowed a county to divest itself of a tax certificate.

One option available was to assign the certificate to a person other than the person entitled to redeem the parcel. Iowa Code § 446.31 (2003).[2] Under the plain language of section 446.31 the county could have assigned "the certificate[s] for the total amount due as of the date of assignment or compromise the total amount due and assign the certificate." *Id.* Once the county made a valid assignment, the assignee had to comply with the time limits established by the Code to avoid the cancellation of the sale. *Id.*

Another option given to the county was "to compromise by written agreement, or abate by resolution, the tax, interest, fees, or costs." Iowa Code § 445.16. The plain language of section 445.16 allowed the county to compromise or abate if it "holds the tax sale certificate of purchase."

In the present case the county divested itself of the tax certificates by proper assignment under section 446.31. After making the assignment the county attempted to compromise the back taxes under section 445.16. Because the county was not the holder of the certificates at the time it compromised the back taxes, it did not have the authority under section 445.16 to do so.

Robinson also argues section 447.4 does not apply to him because the $11,000 paid by the Barretts did not constitute a full redemption. Therefore, Robinson claims the district court should have granted his motion for summary judgment and awarded him more than the $500 he paid for each certificate, and more than a ratable portion of the penalty, interest, and costs allowed under section 447.4.

To determine if a valid redemption took place, we must examine the redemption statutes. The law in effect at the time of the tax sale

---

[2]Unless otherwise indicated, all references to the Iowa Code from this point forward are to the 2003 Code of Iowa.

applies to redemption. Iowa Code § 447.14. Therefore, we must look to the 1989 Iowa Code to determine if the Barretts redeemed the parcels when they paid the county $11,000.

Section 447.1 governs redemption. The 1989 Code provided in relevant part:

> Real estate sold under this chapter and chapter 446 may be redeemed at any time before the right of redemption is cut off, by the payment to the treasurer, to be held by the treasurer subject to the order of the purchaser, of *the amount for which the real estate was sold and four percent of the amount added as a penalty, with three-quarters percent interest per month on the sale price plus the penalty from the date of sale, and the amount of all taxes, interest, and costs paid by the purchaser or the purchaser's assignee for any subsequent year, with a similar penalty added as before on the amount of the payment for each subsequent year, and three-quarters percent per month on the whole amount from the date of payment.*

Iowa Code § 447.1 (1989) (emphasis added).

After the sale of a tax certificate, the purchaser of the certificate can pay the taxes due in the subsequent years. *Id.* § 446.32 (1989). The record does not indicate whom, if anyone, paid the taxes between the date of the tax sale and the date the county accepted the $11,000 from the Barretts. Robinson does not cite any authority stating the county should be credited with paying the taxes in the years after it became the default owner of the certificates. *See* Iowa Code § 446.19 (stating that a county becomes the default owner of a tax sale certificate if there are no bids, and the county is credited for paying the purchase price). Accordingly, this record does not indicate if the payment of $11,000 by the Barretts equaled the amount required to redeem the parcels under section 447.1 (1989). Therefore, we cannot say as a matter of law the Barretts redeemed the parcels within the terms of the statute.

### V. Conclusion and Disposition.

The county was not authorized to compromise the back taxes under section 445.16 because it divested itself of the tax certificates prior to the compromise. Moreover, under this record we cannot determine whether the $11,000 paid by the Barretts to the county redeemed the parcels under section 447.1 (1989). Accordingly, we must reverse the judgment of the district court dismissing Robinson's petition and remand the case for further proceedings consistent with this opinion.

**REVERSED AND CASE REMANDED.**