# IN THE SUPREME COURT OF IOWA

No. 08–0662

Filed April 9, 2010

**BEULAH ZIMMER,** Administrator
of the Estate of Ceil Creswell,

    Appellant,

vs.

**WALTER VANDER WAAL, SR.,** and
**ROLLING VIEW FARMS, INC.,**
an Iowa corporation,

    Appellees.

---

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Sioux County, Duane E. Hoffmeyer, Judge.

An estate appeals from a district court ruling finding a trailer is not a motor vehicle under Iowa Code section 321.493. **DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT AFFIRMED.**

Michael J. Jacobsma of Jacobsma, Clabaugh & Freking P.L.C., Sioux Center, for appellant.

Sharese A. Manker and Douglas L. Phillips of Klass Law Firm, L.L.P., Sioux City, for appellees.

**WIGGINS, Justice.**

In this case, we must decide if the owners of a trailer can be held vicariously liable under Iowa's owner consent statute, Iowa Code section 321.493 (2003). Because the trailer involved in this collision is not a motor vehicle under section 321.493, we affirm the decision of the court of appeals and the judgment of the district court dismissing the plaintiff's claims against the trailer owners.

## I. Background Facts and Proceedings.

On or about November 17, 2004, Matthew Vander Waal was operating a farm tractor with an attached trailer on Highway K-64 in Sioux County when it collided with a motor vehicle operated by Ceil Creswell, causing Creswell significant injuries and damages. At the time of the collision, Hank Vander Waal owned the farm tractor and Rolling View Farms, Inc. owned the trailer. Creswell's conservators filed a personal injury action on behalf of Creswell seeking damages against Matthew Vander Waal, Hank Vander Waal, Joel Vander Waal, Walt Vander Waal, Jr., and Progressive Insurance Company. During discovery, the conservators learned that Walt Jr. did not own the trailer in question. Instead, they discovered Rolling View Farms and/or Walter Vander Waal, Sr. owned the trailer. Consequently, the conservators added Rolling View Farms and Walter Sr. as defendants. The amended petition alleged that Rolling View Farms, as owner of the trailer, was liable for Matthew's negligence pursuant to Iowa Code section 321.493 because its agent/officer, Walter Sr., had consented to Matthew's use of the trailer. The conservators also alleged, "[b]y attaching the trailer to the farm tractor and operating the farm tractor on the public highway, said trailer and tractor became one unit and one motor vehicle."

Additionally, the conservators alleged that Rolling View Farms and Walter Sr. failed to maintain and equip the trailer in a safe manner.

The conservators filed a pleading seeking declaratory relief under Iowa Rules of Civil Procedure 1.1101 and 1.1102. The conservators sought an order declaring the trailer was a motor vehicle under section 321.493 and thus, as owners of the trailer, Rolling View Farms and Walter Sr. were vicariously liable for the actions of the driver. The district court found the trailer was not a motor vehicle and as owners of the trailer, Rolling View Farms and Walter Sr. were not vicariously liable for the actions of the driver. Prior to the conclusion of the lawsuit, Creswell died and the court substituted his estate as the plaintiff.

Rolling View Farms and Walter Sr. then filed a motion for summary judgment arguing they were not liable for failing to maintain and equip the trailer in a safe manner. The court agreed and entered judgment against the estate. The estate filed a notice of appeal. We transferred the case to the court of appeals. The court of appeals affirmed the district court ruling that the owners of the trailer were not vicariously liable for the negligence of the driver because the trailer is not a motor vehicle under section 321.493. The estate then filed an application for further review, which we granted.

## II.  Issue.

The only issue raised by the estate is whether the owners of the trailer are vicariously liable for the negligence of the driver. The resolution of this issue requires us to decide if the trailer is a motor vehicle under Iowa Code section 321.493.

## III.  Standard of Review.

The estate is appealing from a ruling on its motion for declaratory judgment under Iowa Rules of Civil Procedure 1.1101 and 1.1102.

Under these rules, a party cannot file a pretrial motion to obtain a declaratory judgment. A declaratory judgment is a type of action where the "court declares the rights, duties, status, or other legal relationships of the parties." *Dubuque Policemen's Protective Ass'n v. City of Dubuque*, 553 N.W.2d 603, 606 (Iowa 1996). However, we do not rely on the name of a pleading in determining what type of motion it presents; rather, we look to the pleading's substance. *Kagin's Numismatic Auctions, Inc. v. Criswell*, 284 N.W.2d 224, 226 (Iowa 1979). The substance of the estate's request for declaratory judgment appears to be a motion for summary judgment and we will treat it as one.

A district court properly grants a summary judgment "when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Robinson v. Fremont County,* 744 N.W.2d 323, 325 (Iowa 2008). When no genuine issue of material fact exists, our job is to determine whether the district court correctly applied the law. *Kragnes v. City of Des Moines,* 714 N.W.2d 632, 637 (Iowa 2006). From the pleadings filed, it appears no genuine issue of material fact exists in that the trailer was not self-propelled and was being pulled by a farm tractor at the time of the collision. Because no genuine issue of material fact exists as to these facts, our decision will turn on the construction of Iowa Code section 321.493. We review questions of statutory construction for the correction of errors at law. *Estate of Ryan v. Heritage Trails Assocs., Inc.*, 745 N.W.2d 724, 728 (Iowa 2008).

**IV. Analysis.**

Iowa's owner consent statute states in pertinent part: "[I]n all cases where damage is done by any *motor vehicle* by reason of negligence of the driver, and driven with the consent of the owner, the owner of the *motor vehicle* shall be liable for such damage." Iowa Code § 321.493(1)(*a*)

(emphasis added). This statute is primarily a financial responsibility law. *Scott v. Wright*, 486 N.W.2d 40, 43 (Iowa 1992). The legislature first enacted the statute in 1919, and it has remained substantially unchanged since that time. *Moritz v. Maack*, 437 N.W.2d 898, 900 (Iowa 1989). In enacting the owner consent statute, the legislature's purpose was to "protect third parties from the careless operation of motor vehicles by making owners responsible for the negligence of operators to whom they entrust their vehicles." *Scott*, 486 N.W.2d at 43. It is essential to liability under this statute that the instrumentality causing the injury fall within the meaning of "motor vehicle." *See* Iowa Code § 321.493(1)(*a*); 61 C.J.S. *Motor Vehicles* § 865, at 137 (2002).

To determine whether the trailer is a motor vehicle under section 321.493, we must engage in statutory construction.

> "The goal of statutory construction is to determine legislative intent. We determine legislative intent from the words chosen by the legislature, not what it should or might have said. Absent a statutory definition or an established meaning in the law, words in the statute are given their ordinary and common meaning by considering the context within which they are used. Under the guise of construction, an interpreting body may not extend, enlarge, or otherwise change the meaning of a statute."

*State v. Wiederien*, 709 N.W.2d 538, 541 (Iowa 2006) (quoting *Auen v. Alcoholic Beverages Div.*, 679 N.W.2d 586, 590 (Iowa 2004) (citations omitted)). "The first step in ascertaining the true intent of the legislature is to look at the statute's language." *Estate of Ryan*, 745 N.W.2d at 729. When the statute's language is plain and unambiguous, we will look no further. *Id.* at 730. Thus, this court resorts to the rules of statutory construction only when the terms of a statute are ambiguous. *Id.* " 'If reasonable persons can disagree on a statute's meaning, it is ambiguous.' " *Id.* (quoting *Wiederien*, 709 N.W.2d at 541). Finally, "the

legislature may define the terms it uses, and when it does, those definitions are the foundation of our analysis." *State v. Kamber*, 737 N.W.2d 297, 299 (Iowa 2007) (citing *State v. Durgin*, 328 N.W.2d 507, 509 (Iowa 1983)).

The legislature has defined the terms "vehicle," "motor vehicle," and "trailer" for the purposes of chapter 321 of the Iowa Code. The legislature defined "vehicle" as "every device in, upon, or by which any person or property is or may be transported or drawn upon a highway." Iowa Code § 321.1(90). The parties agree the trailer in this case qualifies as a vehicle under section 321.1(90).

The legislature defined "motor vehicle" as "a vehicle which is self-propelled, but not including vehicles known as trackless trolleys which are propelled by electric power obtained from overhead trolley wires and are not operated upon rails." *Id.* § 321.1(42)(*a*). There is no doubt the tractor in this case qualifies as a motor vehicle. *See Scott*, 486 N.W.2d at 42 (finding that for purposes of section 321.493, the term "motor vehicle" includes a farm tractor); *Hessler v. Ford*, 255 Iowa 1055, 1059, 125 N.W.2d 132, 134 (1963) (stating, "[f]arm tractors by definition are motor vehicles"). Thus, the only point of dispute is whether a trailer, when attached to a tractor, qualifies as a motor vehicle.

The legislature defined "trailer" as "every vehicle without motive power designed for carrying persons or property and for being drawn by a motor vehicle and so constructed that no part of its weight rests upon the towing vehicle." Iowa Code § 321.1(85). The legislature also defined "combination" or "combination of vehicles" as

> a group consisting of two or more motor vehicles, *or a group consisting of a motor vehicle and one or more trailers*, semitrailers or vehicles, which are coupled or fastened

together for the purpose of being moved on the highways as a unit.

*Id.* § 321.1(9) (emphasis added).

From the plain language of these definitions, it is clear that a trailer attached to a motor vehicle is a "combination of vehicles." *See id.* Moreover, on several occasions we have referred to a trailer coupled with a tractor as a "combination of vehicles." *See, e.g., State v. Glenn*, 234 N.W.2d 396, 398 (Iowa 1975) (stating the jury found Glenn guilty of operating a "combination of vehicles," which consisted of a truck and attached trailer), *superseded on other grounds by rule as recognized in State v. Cullen*, 357 N.W.2d 24, 27 (Iowa 1984); *State v. Balsley*, 242 Iowa 845, 848, 48 N.W.2d 287, 289 (1951) (stating, "[T]he appellant was driving what is termed a combination vehicle on the highways of Iowa. It consisted of a semitrailer and tractor combination."). Because the legislature clearly provides that a trailer attached to a motor vehicle constitutes a "combination of vehicles," it would be wrong for us to construe the definition of "motor vehicle" as including a trailer attached to a motor vehicle because to do so would render a portion of the definition of "combination of vehicles" superfluous. *See Miller v. Westfield Ins. Co.*, 606 N.W.2d 301, 305 (Iowa 2000) (recognizing a fundamental rule of statutory construction is that a statute will not be construed to make any part of it superfluous unless no other construction is reasonably possible).

Iowa's owner consent statute does not embrace all types of vehicles within its coverage, but instead relates only to motor vehicles. *See* Iowa Code § 321.493; *accord Hennessy v. Walker*, 17 N.E.2d 782, 784 (N.Y. 1938). The legislature has expressly classified a trailer attached to a motor vehicle as a "combination of vehicles," not as a "motor vehicle." *See* Iowa Code § 321.1(9). Had the legislature intended to include

combination vehicles or trailers within the provisions of the owner consent statute, it would have expressly referred to them by name. Its failure to do so makes it clear that the legislature intended to exclude those portions of combination vehicles that are not also motor vehicles from the provisions of the owner consent statute.

The trailer at issue in this case, standing alone, qualifies as a vehicle and a trailer under Iowa Code chapter 321. *See* Iowa Code § 321.1(85), (90). Upon attachment to a motor vehicle, the trailer qualifies as a combination of vehicles. *See id.* § 321.1(9). Under either scenario, attached or unattached, the trailer does not qualify as a motor vehicle under chapter 321. *See id.* § 321.1(42)(*a*). Consequently, a trailer attached to a motor vehicle does not meet the statutory definition of a motor vehicle.

The estate also argues construing the definition of motor vehicle as not including a trailer attached to a motor vehicle is contrary to the purpose of Iowa's owner consent statute. The legislature is generally free to determine the extent to which it will address a perceived problem so long as its line drawing does not violate a constitutional provision. *Rudd v. Ray*, 248 N.W.2d 125, 133 (Iowa 1976). Moreover, we ascertain legislative intent from the words the legislature used, rather than from what one could argue it meant to say. *Estate of Ryan*, 745 N.W.2d at 730. We cannot expand the plain meaning of a statute under the guise of construction. *Id.* If the legislature intended to include trailers or combination vehicles in the owner consent statute, it could have easily done so.

**V. Conclusion and Disposition.**

Rolling View Farms and Walter Sr., as the owners of the trailer in this case, are not vicariously liable under Iowa's owner consent statute,

Iowa Code section 321.493, because the trailer involved in this collision is not a motor vehicle under section 321.493.  Therefore, we affirm the decision of the court of appeals and the judgment of the district court.

**DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT AFFIRMED.**