# IN THE COURT OF APPEALS OF IOWA

No. 16-0246
Filed January 25, 2017

**DIRK COLE BEAL,**
      Plaintiff-Appellee,

**vs.**

**JONATHAN TOLBERT CROWDER,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Benton County, Marsha A. Bergan, Judge.

A defendant appeals the district court's denial of his motion to set aside a default judgment. **REVERSED AND REMANDED.**

Jeffrey M. Beatty of Shuttleworth & Ingersoll, P.L.C., Cedar Rapids, for appellant.

Gary J. Shea of Gary J. Shea Law Offices, Cedar Rapids, for appellee.

Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**TABOR, Judge.**

Jonathan Crowder appeals the district court's denial of his motion to set aside a default judgment holding him liable for $993,760 in damages suffered by Dirk Beal. Crowder argues the court abused its discretion by entering judgment against him because he was not in default. Considering the unusual procedural course taken by this case, we agree default judgment was not appropriate. Specifically, we find Crowder's handwritten letter, in which he denied Beal's allegations, constituted an answer and the clerk of court's mailing of the letter at the court's direction satisfied Crowder's service requirement. Accordingly, we reverse the ruling and remand for further proceedings.[1]

## I.    Facts and Prior Proceedings

Beal filed a petition at law on June 27, 2011, alleging he suffered injuries while working on a roofing construction project in November 2010 as a result of the negligence of Paul and Jennifer Sankot, doing business as Sankot Construction. After receiving notice the Sankots had filed for bankruptcy, Beal filed an amended petition on July 3, 2012, adding Crowder and a number of other individuals as defendants in the action.[2]

On July 19, 2012, in response to the petition, Crowder filed a handwritten letter with the district court, stating:

> To whom it may concern,
> I Jonathan T. Crowder am being sued by Dirk Beal in a civil suit. I would ask that I be given more time to find an attorney. I deny the accusations against me and need more time to find

---

[1] Because we reverse on this ground, we need not address Crowder's other arguments raised on appeal.
[2] The other defendants are not parties to this appeal.

representation. All the attorneys I've contacted have had conflict of interest. Please allow me more time.
> Thank you,
> Jonathan T. Crowder

The letter did not contain a formal caption or certificate of service, but it did include a case number.[3]

That same day, the district court issued a form order in response to Crowder's letter. The court checked a box indicating it would not take action because Crowder's "request for relief" did not include a certificate of service. The court checked a second box, which provided: "The clerk shall send a copy of the correspondence to the attorneys and interested parties of record. No further action is taken by the Court at this time." The court added this handwritten note: "Court costs associated with copying and mailing Mr. Crowder's notice are taxed to Mr. Crowder."

According to the notation of the clerk of court, the attorneys of record in the case, but not Crowder, were mailed a copy of Crowder's file-stamped letter along with the court's order.[4] Approximately one week later, the district court issued an order for a scheduling conference; the clerk's office did not mail Crowder a copy of the order.

On August 2, 2012, Beal's attorney sent Crowder a notice of intent to file written application of default, which stated:

---

[3] In the clerk's docket, Crowder's filing is designated as an "Answer." The comments following the entry state: "Answer to Petition (denial) & Request for more time to find legal counsel."

[4] Crowder's letter to the court provided his telephone number but not his current address. An affidavit of service from the process server, which was on file at the time of the court's order, did include Crowder's address.

YOU ARE IN DEFAULT BECAUSE YOU HAVE FAILED TO TAKE ACTION REQUIRED OF YOU IN THIS CASE. UNLESS YOU ACT WITHIN TEN DAYS FROM THE DATE OF THIS NOTICE, A DEFAULT JUDGMENT WILL BE ENTERED AGAINST YOU WITHOUT A HEARING AND YOU MAY LOSE IMPORTANT RIGHTS. YOU SHOULD SEEK LEGAL ADVICE AT ONCE.[5]

Crowder did not respond to this notice. Shortly thereafter, the district court stayed the proceedings with the consent of the parties who had attended the scheduling conference. Crowder did not receive notice of the stay.

More than two years later, on October 6, 2014, Beal filed an application for entry of default. The clerk of court granted the application the next day and sent a copy of the filing to Crowder. Beal then applied for entry of judgment on the default. The district court set the matter for hearing on November 21, 2014, but the hearing was continued due to the illness of the presiding judge. The court rescheduled the hearing for January 30, 2015. The scheduling order was not sent to Crowder.

Unsurprisingly, Crowder did not attend the January 30 hearing. Beal offered evidence at the hearing that supported the amount of damages he requested against Crowder, and on August 20, 2015, the district court entered judgment against Crowder in the amount of $993,760.28.[6]

---

[5] The document did not include a certificate of service, but in Beal's application for entry of default, his attorney certified he sent it "by ordinary mail to the Defendant J.T. Crowder on 8/2/12 at his last known address."

[6] The court found Crowder and Chance Brennecke, another defendant who had defaulted, to be jointly and severally liable for the damages. Brennecke did not appeal the district court's order.

Crowder filed another handwritten document with the court on August 28, stating:

> I Jonathan Crowder ask the Court to reconsider the judgment against me. I had called the Clerk of Court a few days after I was originally served . . . . I was told just to write a letter asking for more time. I didn't and still don't have an attorney because of my financial situation. I did not know I had to also send a letter to the plaintiff's lawyer. I am participating in this case. I was just mis-informed of what my duties were in this case. I was just doing what I was told. I have only received [three] papers over the years about this case; I did not know what a lot of them meant. I ask that the court reconsider the default Judgment. I tried to respond.
> . . .
> Also, I had recently called the Clerk of Court office and was told I should call Legal Aid in Cedar Rapids for help. I did and was instructed to write this letter in regards to the case. I will be sending a copy to the Plaintiff's lawyer as well.

The district court treated Crowder's filing as a motion to reconsider default judgment and summarily overruled the motion on September 8.

On September 30, an attorney filed an appearance on behalf of Crowder. Crowder's attorney filed a motion to set aside default judgment on October 9, arguing Crowder had never been in default and, alternatively, good cause existed to set aside the default judgment. Beal resisted, contending Crowder's second motion was improper but also rebutting the merits of Crowder's argument.

The district court held a hearing on Crowder's motion on November 20. Crowder did not present any evidence at the hearing. After considering argument in the matter, the district court judge—the same judge who had issued the order in response to Crowder's initial filing—commented on her reasons for issuing the July 19, 2012 order and sending Crowder's filing to the parties of record in the case:

> [T]his was a unique piece of paper from a pro se litigant. He actually wrote I deny the accusations against me and so as a Judge I'm thinking that looks a lot like an answer, not a very good one, but . . . Mr. Crowder does identify himself, he signs the document, he says who the plaintiff is, he says it's a civil suit, and he denies the accusations.
>
> So when it comes upstairs to me, I'm thinking this looks a lot like an answer but I can see he didn't serve it on anybody, and so I'm pretty concerned. I want everybody to know that he filed that document, and that's why I checked the box entitled other and asked the clerk to send that notice out; and it upsets me as a Judge that our clerk has to spend time sending out papers that are supposed to be sent out to the other parties by the pro se litigant who files them, so I wrote that those costs needed to be taxed to Mr. Crowder.

The judge noted she did not rule "on what looked like a general denial and a lot like an answer" because she was not asked to do so. She also clarified that what the court declined to "take any action on" in the order was the request for more time, not Crowder's denial of the allegations against him: "My order simply said what is common. Nobody takes any action on an answer. You file an answer; I don't take an action on answer. I take no action because nobody does."

Despite the court's initial inclination to believe that Crowder's filing was an answer, the district court denied Crowder's motion to set aside default judgment. The court emphasized Crowder's failure to act over a protracted period of time despite receiving filings from both the court and Beal and found, considering "this history of [Crowder's] inactions," it was inappropriate to, "in hindsight, rule that [Crowder's] July 19, 2012 filing is deemed to be an answer." The court also rejected Crowder's argument default should be set aside for good cause, particularly considering Crowder's failure to present testimony or other evidence in support of his motion to reconsider.

Crowder now appeals.

**II.     Jurisdiction**

As an initial matter, Beal argues we should not reach the merits of Crowder's appeal because Crowder did not file a notice of appeal within thirty days of the district court's September 8, 2015 order denying his motion to reconsider the default judgment.   Beal contends the district court lacked jurisdiction to consider Crowder's subsequent motion to set aside default judgment because the September 8 denial of Crowder's motion to reconsider constituted "law of the case," and "these issues cannot again be re-litigated by filing a second motion . . . under the doctrines of res judicata and/or issue preclusion."

We disagree with Beal's position.  Crowder's initial filing in response to the entry of default judgment was a motion to enlarge or amend under Iowa Rule of Civil Procedure 1.904(2) ("On motion joined with or filed within the time allowed for a motion for new trial, the findings and conclusions may be enlarged or amended and the judgment or decree modified accordingly or a different judgment or decree substituted.").   His next filing was distinct—a motion to set aside default judgment under rule 1.977 ("On motion and for good cause shown . . . the court may set aside a default or the judgment thereon, for mistake, inadvertence, surprise, excusable neglect or unavoidable casualty.").   Crowder appropriately appealed from the district court's order denying his motion to set aside default judgment.

Nor do we find Beal's law-of-the-case or res judicata arguments persuasive.  As Crowder points out, the law-of-the-case doctrine governs issues raised and decided on appeal, which is not the situation here.  *See Spiker v.*

*Spiker*, 708 N.W.2d 347, 352 n.1 (Iowa 2006) ("[A]n appellate decision becomes the law of the case and is controlling on both the trial court and on any further appeals in the same case." (citation omitted)). As for res judicata, which encompasses both issue and claim preclusion, those doctrines have preclusive effect only where more than one action is involved. *See Clarke Cty. Reservoir Comm'n v. Robins*, 862 N.W.2d 166, 177 (Iowa 2015) ("Issue preclusion, a form of res judicata, is based on a prior *judgment.* So, too, is claim preclusion." (citation omitted)). Here, we are faced with a single action.

Accordingly, we proceed to the merits of Crowder's appeal.

## III. Scope and Standard of Review

We review a proceeding to set aside a default judgment for correction of legal error. *See* Iowa R. App. P. 6.907. Because the district court has broad discretion in entering a default judgment and ruling on a motion to set aside a default judgment, we will reverse only if the court has abused its discretion. *See Cent. Nat'l Ins. Co. of Omaha v. Ins. Co. of N. Am.*, 513 N.W.2d 750, 753 (Iowa 1994). "We are bound by the district court's findings of fact if supported by substantial evidence, and we view the evidence in the light most favorable to the district court's ruling." *Id.*

But if there is no factual issue and the question is solely one of law, we are not bound by the district court's determination. *See id.* at 754. We resolve all doubts in favor of setting aside a default judgment, as we prefer "to allow a determination of controversies on their merits rather than on the basis of nonprejudicial inadvertence or mistake." *See Brandenburg v. Feterl Mfg. Co.*, 603 N.W.2d 580, 584 (Iowa 1999) (citation omitted).

## IV.  Analysis

A defendant who "[f]ails to serve and, within a reasonable time thereafter, file a[n] . . . answer as required in rule 1.303" shall be in default.  Iowa R. Civ. P. 1.971(1).  Rule 1.303 sets the deadline for a defendant to satisfy the answer requirement: twenty days after receiving service of the original notice and petition.  *See* Iowa R. Civ. P. 1.303(1).  Accordingly, to determine whether Crowder was in default, we must consider whether Crowder's letter constitutes an answer and, if so, whether the clerk of court's actions—taken at the behest of the district court—satisfied the service requirement.

Crowder argues his July 19, 2012 letter constituted an answer as a matter of law.  He acknowledges the "filing leaves something to be desired in terms of formality" but asserts its substance is a clear "general denial, as the operative language effectively conveys . . . Crowder's intent to deny all the allegations of [the] Petition."  Further, Crowder argues we should liberally construe his filing because Beal failed to attack it through a motion for more specific statement or a motion to strike.

Emphasizing Crowder's failure to include a certificate of service and to "specifically admit or deny each allegation or paragraph" of the petition, Beal argues the trial court did not abuse its discretion when it found Crowder's July 19 letter did not constitute an answer.  Beal asserts he was "entitled to rely upon the court's directive confirming that no action shall be taken relating to the filing," particularly considering Crowder's inaction after filing the letter.

We find Crowder's letter constituted an answer.  Beal is correct that our rules of civil procedure discuss technical requirements for answers, including

"specifically admit[ting] or deny[ing] each allegation or paragraph of the pleading to which it responds." *See* Iowa R. Civ. P. 1.405(1);[7] *see also Foods, Inc. v. Leffler*, 240 N.W.2d 914, 920 (Iowa 1976) ("The foregoing rule [previously numbered as rule 72] enunciates general principles as to what matters may be put in issue by, or provable under, a general denial, and what matters must be specifically pleaded as affirmative defenses."). But a filing that generally denies the allegations in a petition may constitute an answer for purposes of avoiding a default. *See* Iowa R. Civ. P. 1.402(1) (stating the rules relating to form and sufficiency of pleadings should be "construed and enforced to secure a just, speedy and inexpensive determination of all controversies on their merits").[8] In determining whether a filing is an answer, we are guided by the substance of the filing. *See Zimmer v. Vander Waal*, 780 N.W.2d 730, 732 (Iowa 2010) ("[W]e do not rely on the name of a pleading in determining what type of motion it presents; rather, we look to the pleading's substance."); *Lopez-Penaloza v. State*, 804 N.W.2d 537, 541 (Iowa Ct. App. 2011) (finding filing captioned a resistance and raising statute-of-limitations defense could be treated as an answer or a motion to dismiss in postconviction-relief proceedings).

---

[7] The official comment to rule 1.405 states: "Rule 72 [now Rule 1.405] abolished general denials and requires specific denials or admissions of each allegation of a petition." But the comment also clarifies that general denials are not void: "Although Rules 67 and 72 [now 1.402 and 1.405] were intended in part to abolish the general denial, it is said in *Frederick v. Shorman*, [147 N.W.2d 478, 482 (Iowa 1966)], that: 'Under a general denial defendant may prove anything tending to show plaintiff's allegation is untrue.'"

[8] The official comment to rule 1.402 states: "[T]he general denial was here abolished, in the hope that specific denials would narrow the fact disputes, and thereby shorten trials and minimize the expense of litigation. Whether this has actually been done, so as to counterbalance the resulting complexity in pleadings, is doubtful." This comment reveals the purpose of requiring specific denials was not to test the adequacy of an answer but to streamline litigation.

Crowder's July 19 letter admitted he was the subject of a civil lawsuit brought by Beal and included the following statement: "I deny the accusations against me . . . ." In substance, this statement is an answer—a denial—and should be treated as such, particularly considering the brevity of the amended petition to which it responds.[9] In addition, we find Crowder's self-represented status significant. Generally, we do not "utilize a deferential standard when persons choose to represent themselves," *see Kubik v. Burk*, 540 N.W.2d 60, 63 (Iowa Ct. App. 1995) (finding self-represented plaintiff failed to show good cause for failing to timely designate experts when he was unaware of the timing requirement), but a self-represented party "is entitled to a liberal construction of his pleadings," *see Munz v. State*, 382 N.W.2d 693, 697 (Iowa Ct. App. 1985).[10]

The district court acknowledged it "often required very little of self-represented litigants for the Court to deem a filing to be an answer." But the court nevertheless faulted Crowder for failing to caption the filing as an answer. In addition, the court cited Crowder's failure to correct the district court when it

---

[9] In relation to Crowder, the petition alleges: (1) Beal was injured when he fell off a roof during a roofing construction project and sustained "serious and debilitating injuries"; (2) Crowder, a Benton County resident, was one of at least two other individuals working on the project; and (3) Crowder was "negligent, which negligence was a proximate cause of . . . Beal's injuries and damages," including medical expenses, pain and suffering, emotional distress, loss of earnings, disability, property damages, and other damages.

[10] Although we find Crowder's answer sufficient to prevent a default, we do not comment upon the overall adequacy of Crowder's answer, nor do we suggest Beal could not have questioned the sufficiency of Crowder's answer through a motion for more specific statement or a motion to strike. *See* Iowa R. Civ. P. 1.433, .434; *see also Burlington and Mo. River R.R. Co. v. Marchand*, 5 Clarke 468, 468–69 (Iowa 1858) ("Where an answer fails to convey to a common understanding, a reasonable certainty of meaning, the court, on motion, may require the defendant to make his statement more specific; or, if necessary, may require him to respond specifically to the affirmative allegations of the petition. It is not allowable to treat an insufficient answer, as a nullity, and render judgment by default, as if no answer was on file.").

referred to his letter as "correspondence" and a "notice" rather than an "answer," his failure to notify Beal his filing was an answer after receiving the notice of intent to file written application of default, and his failure to appear to defend at the default judgment hearing.

The district court placed too much weight on Crowder's failure to label the letter as an "answer" and his inaction after filing the letter, which appears to be largely the result of Crowder's failure to receive orders from the court. We also find the clerk of court's actions satisfied Crowder's service requirement.[11] "Service shall be made by . . . mailing . . . a copy to the attorney or to the party at the attorney's or party's last known address or, if no address is known, by leaving it with the clerk of court." Iowa R. Civ. P. 1.442(2). Here, the service requirement was satisfied when the clerk of court complied with the district court's directive by sending copies of Crowder's letter to the parties of record and charging Crowder for the cost of mailing. Beal does not dispute he received a copy of Crowder's letter, thereby learning of Crowder's denial of the allegation of negligence. We find the district court abused its discretion in finding Crowder in default and declining to set aside the default judgment. Accordingly, we reverse and remand for further proceedings.

**REVERSED AND REMANDED.**

---

[11] Citing Iowa Rule of Appellate Procedure 6.903(2)(g)(3), Beal contends we should not consider Crowder's argument his answer was properly served under the rules of civil procedure because Crowder cites no authority to support his argument. We disagree. Crowder cites to the relevant rule of civil procedure as well as a prior Iowa Court of Appeals opinion in support of his argument. Accordingly, we find it appropriate to consider the merits of his argument.