# IN THE COURT OF APPEALS OF IOWA

No. 20-1093
Filed August 4, 2021

**DAVID WYATT, ROBERT SWAN, and ALLEN McGRANAHAN,**
    Plaintiffs-Appellees,

**vs.**

**CLAY COUNTY BOARD OF SUPERVISORS and CLAY COUNTY DRAINAGE DISTRICT NO. 37,**
    Defendants-Appellants.
_____

Appeal from the Iowa District Court for Clay County, Charles K. Borth, District Associate Judge.


Defendants appeal the summary judgment ruling allowing an election of private trustees to manage the drainage district. **AFFIRMED.**


Robert W. Goodwin of Goodwin Law Office, P.C., Ames, for appellants.

David R. Johnson of The Johnson Law Firm, Eagle Grove, for appellees.


Considered by Vaitheswaran, P.J., Greer, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**GREER, Judge.**

In another round of sparring,[1] we find David Wyatt and Robert Swan[2] (Landowners) and the Clay County Board of Supervisors (Board), as trustees of DD37, before us. This round involves the Landowners' effort to elect private trustees to manage the affairs of DD37 as allowed under Iowa Code section 468.500(1)(a) (2019).[3] To initiate an election of private trustees, section 468.501 requires "[a] petition [to] be filed in the office of the auditor signed by a majority of the persons including corporations owning land within the district assessed for benefits." Thus, the right to proceed to an election turns on the votes of a "*majority of the persons including corporations owning land*." *Id.* (emphasis added). Addressing the legal interpretation of the phrase, each side moved for summary judgment. The district court ruled a majority of the "persons owning land" in DD37, as defined by the statute, petitioned for an election and the Board inappropriately denied the election. The Board appeals the district court's interpretation and we review the legislative directive and its impact on the Landowners' request for an election under these facts.

---

[1] *See Wyatt v. Clay Cnty. Bd. of Supervisors*, No. 20-0529, 2021 WL 2453378 (Iowa Ct. App. June 16, 2021) (affirming the summary judgment ruling that the remonstrance sought by the drainage district landowners failed and the drainage district could proceed to make the proposed improvements but reversing summary judgment on other claims made by the landowners).

[2] Because Allen McGranahan was not a landowner in Drainage District No. 37 (DD37), the district court dismissed him from the suit in October 2019.

[3] Iowa Code section 468.500(1)(a) provides:

> In the manner provided in this subchapter, any drainage or levee district in which the original construction has been completed and paid for by bond issue or otherwise, may be placed under the control and management of a board of trustees to be elected by the persons owning land in the district that has been assessed for benefits.

**I**. **Background and Procedural History.**

To change management of DD37, in May 2019, seventy-five landowners signed petitions requesting an election to allow private trustees to take over the role of the Board. The end goal was to "place the district under the control and management of a board of trustees to be elected by the persons owning land in the district that has been assessed for benefits." Iowa Code § 468.500(1)(a). Some persons signed as individuals, but others signed in their representative capacity. That same month, the Board began canvassing the petition, and it finished that effort in June. In its minutes, the Board found:

> After contemplating the above intent of Iowa Code, the decision was made that [DD37] was to be broken down by six different categories of ownership: single ownership, dual ownership, corporations, trusts/estates, multiple ownership, and government. There were 81 uniquely distinctive ownerships in DD37. From there, the majority (over 50%) within the unique distinctiveness should be determined and noted whether it was to be included in the petition count or not. In other words, commonly owned land will have one petition count if signed by over 50% of the landowners.

Using the categories referenced, the Board canvassed the votes as follows:

| Ownership Category | Ownership Count | Petition Count |
|---|---|---|
| Single | 19 | 9 |
| Dual | 19 | 9 |
| Corporation | 15 | 8 |
| Trust/Estate | 14 | 6 |
| Multiple | 11 | 7 |
| Government | 3 | 0 |
| Grand Totals | 81 | 39 |

With this canvass, the Board concluded that only 48% of those having ownership in DD37 petitioned for private trustees (39/81 = 48%). To arrive at that count, the Board reasoned that a fractional interest in the land is not ownership. Under its reasoning, the Board concluded a person with a fractional interest could not sell

the land and would have to join with the other fractional interest owners to jointly be an owner. For example, one tract of land in DD37 was owned by thirteen people having fractional interests. The Board determined that if a majority of persons in a distinctive category of ownership voted it would count only as one petition. Having failed to meet the majority mandate, the Board refused to order the election under section 468.502.

All parties conceded that there are various ownership interests, including individual ownership, joint ownership, and fractional ownership—with persons in the latter category owning anywhere between a 1/13 interest to a 1/3 interest. And the Board agreed that if the Landowners' method of tabulating the majority is accepted, then 55% of the owners—a majority—petitioned for a private trustee election.[4] The district court agreed with the Landowners, and the Board and DD37 appeal.

**II. Standard of Review.**

Our review of a district court ruling on a motion for summary judgment is for correction of errors at law. *See EMC Ins. Grp., Inc. v. Shepard*, 960 N.W.2d 661, 668 (Iowa 2021). "Summary judgment is proper when the moving party has shown 'there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.'" *Jahnke v. Deere & Co.*, 912 N.W.2d 136, 141 (Iowa 2018) (quoting *Homan v. Branstad*, 887 N.W.2d 153, 163 (Iowa 2016)). "Summary judgment is appropriate 'if the record reveals only a conflict concerning

---

[4] The district court tabulated 55% by considering that of the 136 persons owning land in DD37, 75 persons signed petitions.

the legal consequences of undisputed facts.'"[5]  *MidWestOne Bank v. Heartland Co-op*, 941 N.W.2d 876, 882 (Iowa 2020) (quoting *Wallace v. Des Moines Indep. Cmty. Sch. Dist. Bd. Of Dirs.*, 754 N.W.2d 854, 857 (Iowa 2008)).  "We review evidence in the light most favorable to the nonmoving party."  *Id.*

**III. Analysis.**

Our quest is to answer: did "a majority of the persons including corporations owning land within the district assessed for benefits" petition for an election of private trustees in DD37?  *See* Iowa Code § 468.501.  This challenge involves statutory interpretation of these terms and the application of section 468.501 to the undisputed facts surrounding the governance of DD37.  And as to that task, the material facts are undisputed.  The case hinges on if "persons . . . owning land" means each and every person with an interest, fractional or not.  Or if, as the Board suggests, an owner under section 468.501 means a person with the ability to transfer the property.  The Board asserts a fractional owner of the land cannot sell the real estate, so that person does not own the real estate.  *See In re Est. of Lamoureux*, 412 N.W.2d 628, 631 (Iowa 1987) (holding that a joint tenant can only convey a fractional interest in the property).  After examining the statutory language, we do not find the Board's argument persuasive.

---

[5] In the appellate briefing, the Landowners disputed the Board's statement of facts. Yet, rather than clarify which facts were disputed, the Landowners said, "for the sake of judicial economy, the Landowners respectively incorporate herein the facts set forth in the following pleadings."  Iowa Rule of Appellate Procedure 6.903(3) requires the Landowners to set out the specific facts if dissatisfied with the Board's statements.  It is not our role to compare pleadings to confirm what facts are disputed.  We will not do so here.

First, we believe section 468.501 contains clear language. But if the words of a statute are not defined, under prior decisions of our courts, similar statutes, dictionary definitions, and common usage can provide context. *See Kay-Decker v. Iowa State Bd. of Tax Review*, 857 N.W.2d 216, 223 (Iowa 2014). "Generally, we presume words used in a statute have their ordinary and commonly understood meaning." *McGill v. Fish*, 790 N.W.2d 113, 119 (Iowa 2010). Here, while "person" is not defined in chapter 468, we accept that its common meaning is "a human."[6] This statute references persons and corporations. Thus, the Board requests we consider Iowa Code section 4.1(20)[7] which defines "person" as an "individual, corporation, limited liability company, government or governmental subdivision or agency, business trust, estate, trust, partnership or association, or any other legal entity." We accept this expanded definition to determine the meaning of the statute.

Next, we find nothing ambiguous with the terms used in the phrase "persons owning land." *See Zimmer v. Vander Waal*, 780 N.W.2d 730, 733 (Iowa 2010) (holding the "court resorts to rules of statutory construction only when the terms of the statute are ambiguous."). The term "owning" is not defined in the statute, but the general legal meaning is "[t]o have a good legal title; to hold as property; to have legal or rightful title to; to have; to possess." *Own*, *Black's Law Dictionary* (4th ed. 1968). Yet, the Board insists categories of ownership are intended to be

---

[6] *See Person*, *Merriam-Webster*, https://www.merriam-webster.com/dictionary/person (last visited July 9, 2021).

[7] Iowa Code section 4.1 provides: "In construction of the statutes, the following rules shall be observed, unless such construction would be inconsistent with the manifest intent of the general assembly, or repugnant to the context of the statute."

counted toward the majority, not individual votes. We find no reference to categories of ownership in chapter 468.

Finally, we also read statutes as a whole to reach a sensible and logical construction. *Gardin v. Long Beach Mortg. Co.*, 661 N.W.2d 193, 197 (Iowa 2003). When the debate is over a word or phrase, we examine the context in which it is used. *Exceptional Persons, Inc. v. Iowa Dep't of Human Servs.*, 878 N.W.2d 247, 251 (Iowa 2016). Here, chapter 468 governs drainage of surface waters of agricultural land as a benefit to the health and welfare of our citizens. *See generally* Iowa Code § 468.2. The legislature provided different voting requirements and formulas depending on what action was required—some making actions more difficult to attain, others making certain actions easier to attain. For example, the voting formula for establishment of a drainage district or approval of a major improvement to the district is more restrictive. *See id.* §§ 468.28, 468.126(4)(e). The statutory formula requires a majority of landowners vote for passage. But to ensure that a small tract with a large number of owners with a fractional interest could not compel the establishment of a drainage district or major improvement upon all owners (more extreme consequences), the legislature also required that the majority of owners own seventy percent of the property in the district. *Id.*

Several provisions in the chapter governing drainage districts support the Landowners' position. First, in a section discussing "qualifications of voters," the statute notes: "*Each landowner* eighteen years of age or over without regard to sex and any railway or other corporation owning land in said district assessed for benefits *shall be entitled to one vote only*, except as provided in section 468.511."

*Id.* § 468.510 (emphasis added). Addressing a similar question about the ramifications of this section, if *two or more* persons own an undivided interest in a tract of land, a former Iowa Attorney General opined: "[w]hen two or more persons are tenants in common, that is, each owning an undivided interest in part of real estate, each of them is a land-owner in our view of the matter, and each would be entitled to vote." *Drains: Voting by Joint Landowners*, 1941WL 79728, at *1 (Iowa A.G. Jan 15, 1941). Still, the Board cautions us that to "create mischief" a landowner could transfer ownership of a tract to a large group of individuals to win the vote if we apply a one vote for each individual. The Board argues that could not be what the legislature intended. But the legislature considered that possibility and offered landowners a remedy. Under Iowa Code section 468.511, landowners can petition for the right to vote in proportion to the assessment of benefits so that votes for parcels with many owners would count according to their percentage of ownership in a tract.

It makes sense that a legislature would consider local control of a district to be preferred. Thus, like any vote to determine the governing body, one vote per person would be preferred. The district court ruled that each person with an ownership interest, no matter what percentage, would have a vote. Likewise, this chapter makes returning management of the district from private trustees to a governmental body more strenuous. *See* Iowa Code § 468.533. That statutory section requires that before a return to management under a board of supervisor rule, a petition be signed by "a majority of persons, including corporations, owning land within the district assessed for benefits and who in the aggregate own more than one-half the acreage of such lands." *Id.* This is more like the process used

by the Board to tabulate votes here and urged by the Board on appeal as the proper process to petition for management by private trustees.

The problem is the legislature crafted the more demanding formula to *change* management from the private trustee model, but it did not use this formula to *establish* the private trustee model. We find this compelling. "We ascertain legislative intent from the words the legislature used, rather than from what one could argue it meant to say." *Zimmer*, 780 N.W.2d. at 735. Thus, we agree with the district court and the Landowners. We cannot find any reference to a formula suggested by the Board that requires categories of ownership. And if the legislature had wanted us to use that formula, it would have said so. We affirm the ruling of the district court.

**AFFIRMED.**